# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-cr-73 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| KAITLIN E. KOHER(1), | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING MOTION TO RELEASE LIQUID ASSETS HELD BY OHIO DIRECT DISTRIBUTORS, LLC, FOR THE PURPOSE OF RETAINING LEGAL COUNSEL (DOC. 57)**

---

This case is before the Court on the Motion to Release Liquid Assets Held by Ohio Direct Distributors, LLC ("O.D.D.") for the Purpose of Retaining Legal Counsel (Doc. 57) filed by Defendant Kaitlin E. Koher ("Ms. Koher"). The Government filed a Response in Opposition (Doc. 58) to the Motion. The Court also scheduled a hearing on this Motion and Ms. Koher's separate Motion to Sever (Doc. 56), but, on the date of the scheduled hearing, both the Government and Ms. Koher's counsel determined that a hearing was not necessary as neither party had any evidence or additional argument to present. This matter is therefore ripe for review.

### I.  BACKGROUND

The Indictment charges Ms. Koher with engaging in a conspiracy to commit fraudulent financial transactions to obtain funds issued through the USDA's Supplemental Nutrition Assistance Program. (Doc. 10 at PageID# 34-43.) The alleged conspiracy involved O.D.D., a "door-to-door route delivery service of various beef, poultry, pork and fish products to retail customers located throughout Ohio, Pennsylvania, Michigan and West Virginia." (*Id.* at PageID#

36.) On January 10, 2018, Magistrate Judge Sharon L. Ovington found probable cause to believe that, among other assets, all contents of PNC Bank Account Number ******3287 in the name of OHIO DIRECT DISTRIBUTORS are subject to forfeiture to the United States.

**II.     ANALYSIS**

A defendant's assets may be restrained before trial "as long as they are restrained based on a finding of probable cause to believe that the assets are subject to forfeiture." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Monsanto*, 491 U.S. 600, 615 (1989)). Under 21 U.S.C. § 853(e)(1), a court may enter a restraining order "upon the filing of an indictment or information charging a violation ... for which criminal forfeiture may be ordered."

The Sixth Circuit approved a procedural framework for addressing challenges to a pre-trial restraint of assets—although it did not expressly adopt that framework—in *Jamieson*. Under that framework, a hearing regarding the propriety of the restraint is necessary "only when the defendant can (1) 'demonstrate to the court's satisfaction that she has no assets' and (2) 'make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.'" *Jamieson*, 427 F.3d at 406 (quoting *United States v. Jones*, 160 F.3d 641, 646-7 (10th Cir. 1998)(internal quotes omitted)). "When the defendant makes the required showings, the burden then shifts to the prosecution to establish, by probable cause at an adversarial hearing, that the restrained assets are traceable to the underlying offense." *Id.* (citing *Jones*, 160 F.3d at 647).

Here, Ms. Koher has not come forward with the prima facie showing required to obtain her requested relief. Her counsel asserts that all of O.D.D.'s assets have been seized by the Government, but there has been no evidence, through testimony, documentation, or otherwise, to

establish that fact. Ms. Koher has not made any attempt to show a bona fide reason to believe the grand jury erred in determining that the assets in O.D.D.'s bank account are derived from gross proceeds traceable to the alleged conspiracy. Thus, she would not be entitled to a hearing on the matter under the framework approved by the Sixth Circuit.

Nonetheless, the Court scheduled a hearing on Ms. Koher's Motion. At the scheduled time, however, Ms. Koher's counsel notified the Court that there was no need for the hearing because there was nothing additional to submit for the Court's consideration. The Court therefore forewent the hearing. Without any showing by Ms. Koher, the Government was not required to establish probable cause that the restrained assets were traceable to the unlawful activity. In sum, Ms. Koher has not carried her burden to obtain the release of O.D.D.'s assets.

### III. CONCLUSION

For the above reasons, Ms. Koher's Motion to Release Liquid Assets (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 3, 2018.

                                                                    s/Thomas M. Rose

                                                                 THOMAS M. ROSE
                                            UNITED STATES DISTRICT JUDGE