# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-73 |
| Plaintiff, | Judge Thomas M. Rose |
| v. | |
| KAITLIN E. KOHER(1), | |
| Defendant. | |

## ENTRY AND ORDER DENYING MOTION TO SEVER TRIALS (DOC. 56)

This case is before the Court on the Motion to Sever Trials (Doc. 56) filed by Defendant Kaitlin E. Koher ("Ms. Koher"). Ms. Koher requests an order severing the trial of all natural person Co-Defendants from that of Co-Defendant Ohio Direct Distributors, LLC ("O.D.D."). The Government filed a Response in Opposition (Doc. 59) to the Motion. The Court also scheduled a hearing on this Motion and Ms. Koher's separate Motion to Release Liquid Assets Held by Ohio Direct Distributors, LLC (Doc. 57), but, on the date of the scheduled hearing, both the Government and Ms. Koher's counsel determined that a hearing was not necessary as neither party had any evidence or additional argument to present. This matter is therefore ripe for review.

### I. BACKGROUND

The Indictment in this case contains twelve Counts against eight co-defendants: Ms. Koher, Aaron Luke, Andrew Hess, William Lambert, Joseph Hendricks, Kyle Nicholson, James Leeson, Jr. and O.D.D. (Doc. 10.) All of the Counts relate to an alleged conspiracy to commit fraudulent financial transactions to obtain funds issued through the USDA's Supplemental Nutrition Assistance Program ("SNAP"). Count 1 contains a charge of conspiracy to commit

money laundering in violation of 18 U.S.C. § 1956(h); Count 2 contains a charge of conspiracy in violation of 18 U.S.C. §§ 371 and 1349; Counts 3 – 6 contains charges of SNAP fraud in violation of 7 U.S.C. § 2024(b); and Counts 7 – 12 contains charges of wire fraud in violation of 18 U.S.C. 1343. Ms. Koher is charged under Counts 1 and 2 and entered a plea of not guilty to those Counts.

Ms. Koher is the owner and operator of O.D.D., which is a "door-to-door route delivery service of various beef, poultry, pork and fish products to retail customers located throughout Ohio, Pennsylvania, Michigan and West Virginia." (*Id.* at PageID# 36.) Ms. Koher is alleged to have run the conspiracy to commit fraudulent SNAP transactions through O.D.D. with the assistance of her Co-Defendants Luke, Hess, Lambert, Hendricks, Nicholson, and Leeson, Jr.

## II. ANALYSIS

The joinder of more than one defendant in the same indictment is proper under Federal Rule of Criminal Procedure 8, which states:

> **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "[A] group of acts or transactions constitutes a 'series' if they are logically interrelated." *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir.1985). The Supreme Court "has long recognized that joint trials 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'" *United States v. Lane*, 474 U.S. 438, 449 (1986) (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)).

"[O]nce the Rule 8 requirements were met by the allegations in the indictment, severance thereafter is controlled entirely by Federal Rule of Criminal Procedure 14, which requires a showing of prejudice." *Lane*, 474 U.S. at 447 (citing *Schaffer v. United States*, 362 U.S. 511, 515-16 (1960)). "To prevail on a request for severance the defendant must show compelling, specific,

2

and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (citing *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)). "A defendant is prejudiced by a joinder if the jury cannot 'keep the evidence from each offense separate and [is] unable to render a fair and impartial verdict on each offense.'" *Id.* (quoting *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982)). "A spillover of evidence between counts does not require severance unless there is 'substantial,' 'undue,' or 'compelling' prejudice." *Id.* (quoting *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014)).

When determining whether severance is proper, the Court "must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." *Corbett v. Bordenkircher*, 615 F.2d 722, 725 (6th Cir. 1980) (citing *United States v. Isaacs*, 493 F.2d 1124, 1160 (7th Cir. 1974)).

Ms. Koher argues that she would be substantially prejudiced by a joint trial with O.D.D. for three reasons. First, she argues that trying her alongside O.D.D. implies to the jury that Ms. Koher is allegedly guilty of Counts 1 & 2 twice—once as a natural person and a second time as the principal of O.D.D. Second, Ms. Koher argues that, because she is not aware of any other agent of O.D.D., she will be "forced to stand in the shoes" of O.D.D. at trial. She reasons that her association with O.D.D. "all but forces Ms. Koher to waive[] her right to remain silent." (Doc. 56 at PageID# 170-71.) Third, Ms. Koher argues that the jury may confuse the identities of the Co-Defendants – specifically Ms. Koher's actions as an individual and her actions on behalf of O.D.D.[1]

---

[1] Ms. Koher expressly refers to two forms of prejudice in her memorandum, but then discusses potential juror confusion as an additional basis for severance.

In response, the Government contends that none of Ms. Koher's reasons establishes an objective danger of substantial prejudice. Instead, the issues raised are merely the result of the fact that O.D.D. is Ms. Koher's *alter ego*. *See NLRB v. Greater Kansas City Roofing*, 2 F. 3d 1047, 1052 (10th Cir. 1993) (summarizing factors of federal *alter ego* test). In other words, even if Ms. Koher's association with O.D.D. causes her prejudice, it is because she failed to observe the corporate formalities that would have created an observable distinction between her acts and those of O.D.D. The Government's position has merit.

The efficiencies gained by trying Ms. Koher along with all of her Co-Defendants, including O.D.D., are substantial and compelling. The Government alleges that the natural person Defendants operated their conspiracy to commit SNAP benefit fraud through O.D.D. Most, if not all, of the same evidence will be used in the Government's case against Ms. Koher that will be used in its case against O.D.D. Trying Ms. Koher and O.D.D. separately therefore would result in approximately double the burden on the witnesses, the Government, and the Court.

The prejudice to Ms. Koher of proceeding with a joint trial is not substantial, undue, or compelling. The only substantial prejudice that she will suffer at trial is the same prejudice faced by every criminal defendant—the evidence supporting the Government case against her, *e.g.*, the evidence of her alleged acts in furtherance of the conspiracy. As mentioned, if Ms. Koher were tried separately, the same evidence would be used against her as against O.D.D. Thus, she cannot escape that substantial prejudice through separate trials.

Ms. Koher's arguments that she will be tried twice and that the jury may be confused by her dual roles also do not justify severance. Ms. Koher will not be tried twice for her role in the alleged conspiracy. To suggest that Ms. Koher will be tried for O.D.D.'s acts denies the efficacy of the Court's instructions to the jury. *See United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987)

("jury is presumed capable of sorting out evidence and considering each count and each defendant separately" pursuant to the court's instructions).  Even if there is some potential for jury confusion, it is small and does not outweigh "society's need for speedy and efficient trials."  *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985).

In addition, any such prejudice, under the circumstances of this case, would not be undue. There has been no evidence submitted from which the trier of fact might infer that Ms. Koher could disclaim her actions on behalf of O.D.D.  Ms. Koher is alleged to be O.D.D.'s only principal; the only inference is that her actions on behalf of O.D.D. were taken at her own direction.  Indeed, the Government argues that Ms. Koher meets the test for a finding that O.D.D. was her *alter ego*. This is not a case, for example, where a corporate employee might be unfairly prejudiced by the unlawful actions, unbeknownst to her, of her corporation's chief executive.

In sum, the possible prejudice to Ms. Koher of proceeding with a joint trial is far outweighed by "the compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof."  *Corbett*, 615 F.2d at 725.

### III.     CONCLUSION

For the above reasons, Ms. Koher's Motion to Sever Trials (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 3, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE